UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 26, 2006[*]
Decided May 26, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-3362

| | |
|---|---|
| ILA MINSON, <br> *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois |
| *v.* | No. 05-1119 |
| VILLAGE OF HOPEDALE, et al., <br> *Defendants-Appellees.* | Joe Billy McDade, <br> *Judge.* |

## O R D E R

Ila Minson was convicted of aggravated assault after a run-in with a police officer from the Village of Hopedale, Illinois, who responded to a report that her car was stuck in a ditch along a road outside the village.  She was sentenced in June 2003 to 90 days in the Tazewell County Jail, with all but 30 days suspended on condition that she seek "mental health treatment."  Before the criminal case even came to trial, however, Minson already had sued the police officer, the Village of

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

Hopedale, and several village officials under 42 U.S.C. §1983, claiming myriad constitutional violations in connection with the altercation, the search of her car, and the criminal prosecution that followed. Most relevant here, she claimed that "the agreement giving village police jurisdiction in the county deprived her of due process and equal protection." *See Minson v. Village of Hopedale,* No. 03-3507, 2004 WL 1380540, at **2 (7th Cir. 2004) (unpublished order). The district court dismissed this and all other claims except those arising under the Fourth Amendment on the ground that they failed to state a claim on which relief could be granted. Later, after Minson was convicted at trial in state court, the district judge also dismissed the Fourth Amendment claims on collateral estoppel grounds, reasoning that the issues had been conclusively decided during the criminal trial.

Minson appealed to this court, challenging only the dismissal of her Fourth Amendment claims. We affirmed the dismissal but did not endorse the district court's analysis because Minson's then-pending appeal of her conviction in state court meant that Illinois courts would not—and thus a federal court could not—give preclusive effect to the judgment of conviction. *See Minson*, 2004 WL 1380540, at **2. Instead we modified the judgment, holding that the Fourth Amendment claims were barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because a determination in Minson's favor on those claims would necessarily undermine the validity of her conviction. *See id.*

Minson returned to the district court in April 2005 with another complaint under § 1983 against the same parties. She again raised an equal protection claim, arguing that she was selectively targeted by Hopedale police operating beyond the boundaries of the village and, therefore, their jurisdiction. She also claimed that her rights to privacy and due process were violated when she was ordered to receive mental-health treatment as part of her criminal sentence. In support of her first claim, Minson asserted that she possessed "new evidence" in the form of a videotape and minutes of two public meetings at which a village official stated that Hopedale police officers had no jurisdiction outside the village.

The defendants moved to dismiss, arguing that Minson's complaint was "a complete rehash of her prior federal lawsuit" and therefore foreclosed by the dismissal of the first suit and our decision modifying the judgment in light of *Heck*. The district court granted the motion to dismiss on the ground that *Heck* barred both of Minson's claims. In the alternative the district court concluded that Minson was collaterally estopped from asserting her equal protection claim, which the court interpreted as an argument that the police "lacked probable cause to search her car and used selective treatment to arrest her by fabricating a false statement of jurisdiction." By now the Appellate Court of Illinois had affirmed Minson's conviction, *People v. Minson,* No. 0-03-0501 (Ill. App. Ct. May 26, 2004) (summary order), and the state supreme court had denied her petition for leave to appeal,

*People v. Minson*, 823 N.E.2d 974 (Ill. 2004) (Table). And with respect to Minson's challenge to her sentence, the district court concluded in the alternative that she failed to state a claim.

On appeal Minson presses only her equal protection claim that village officials falsely stated that their police officers had jurisdiction over the area of the county in which she lived in order to harass her. They singled her out for this treatment, she asserts, "because she attended their public meetings" and "because they disliked her." Perhaps hoping to ward off another affirmance based on *Heck*, Minson insists that her argument "is not about the conviction" or the "criminal matter." But *Heck* is not Minson's immediate problem; claim preclusion is. In Minson's first suit she claimed that the agreement allowing Hopedale police officers to patrol outside the village's boundaries violated her rights under the Equal Protection Clause. That claim was dismissed on the defendants' motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state claim on which relief could be granted. The dismissal was a judgment on the merits, *see Davis v. Lambert*, 388 F.3d 1052, 1058 (7th Cir. 2004), and Minson did not contest the dismissal of that claim on appeal. All the requirements of claim preclusion are met: the same issue, the same parties, and a prior final judgment on the merits. *See Perry v. Globe Auto Recycling, Inc.*, 227 F.3d 950, 952 (7th Cir. 2000). Moreover, the defendants raised the affirmative defense, *see Rizzo v. Sheahan*, 266 F.3d 705, 714 (7th Cir. 2001), albeit in imprecise terms, in their motion to dismiss the present lawsuit. Minson is therefore precluded from relitigating her equal protection claim.

We turn next to the appellees' request for sanctions against Minson for filing a frivolous appeal. We remind them that "a statement inserted in a party's brief that a party moves for sanctions is not sufficient notice" that such action is being considered; a separate motion is required but has never been filed. *See* Fed. R. App. P. 38; *Greviskes v. Univs. Research Ass'n, Inc.*, 417 F.3d 752, 761 (7th Cir. 2005). In any case we are not persuaded that an "obstinate refusal" to accept prior rulings brought Minson back to court; a procedural bar such as the one set forth by *Heck* is no doubt confusing to a *pro se* litigant, and apparently she believed she could revive her claims with "new evidence." We also note that the appellees' brief, sprinkled with jibes about the opacity of Minson's brief, was only incrementally more helpful to us than hers. The appellees mischaracterize Minson's primary argument as a Fourth Amendment claim that she was arrested without probable cause, and their brief does not mention the straightforward ground on which we affirm, though they moved for dismissal on that basis in the district court. And particularly insensitive in light of Minson's second claim for relief is the appellees' request that we "stop the insanity" by imposing sanctions. We decline, but we caution Minson that she may well incur sanctions if she revisits this matter again.

AFFIRMED.